Battle, J.
 

 It is contended by the counsel for the defendant that the alleged contract for the breach of which the suit was brought, was never completed; that it was never finally assented to by the parties. In that, Se is clearly mistaken. The defendant offered to sell his horse for the sum of sixty-five dollars, and the plaintiff agreed to give it. This certainly created an executory contract between them, which neither of them could rightfully dissolve without the consent of the other. The defendant had the right, then and there, immediately to tender the horse and demand the price; and the plaintiff had the corresponding right to tender the money and demand the horse. But, for the defendant’s convenience, he was permitted by the plaintiff to ride the horse home, upon his agreeing to return it the next day, when the plaintiff was to receive it, if returned uninjured. This arrangement was not intended by the parties to put an end to the contract, but only to postpone, until the next day, their mutual rights to enforce it. The defendant then, on the same day, sold the horse to another person at an advanced price, and thereby, very clearly committed a breach of his agreement, for which the plaintiff could sue him, unless he had omitted something which it was necessary that he should do to entitle him to maintain his action. The counsel for the defendant contends that the plaintiff has failed to show that on the day when the horse was to be delivered he had tendered to the defendant the price, or was ready and able to do so,
 
 *485
 
 and that consequently he cannot recover in this suit; and for this position he relies on the ease of
 
 Grandy
 
 v.
 
 McCleese, 2
 
 Jones’ Rep. 142. That case would be in point if the defendant had returned the horse at the time appointed, and the plaintiff had not then tendered the price or been ready and able to do so. Rut after the defendant had, by selling the horse, put it out of his power to comply with his contract, the plaintiff was discharged from the duty of tendering the mone,y, or showing his readiness and abilty to do so. This clearly appears from the case of
 
 Grandy
 
 v.
 
 McCleese
 
 itself, where it is said,
 
 “
 
 the plaintiff, then, could not sustain his action for a breach of the contract by the defendant, without showing that he himself had paid or tendered the price of the corn, or was ready'and able to do so,
 
 or that the defendant had done something t& discharge hum from that dmtyS
 
 See, also,
 
 Abrams
 
 v.
 
 Suttles,
 
 Busb. Rep. 99. The judgment of nonsuit was erroneous and must be reversed, and judgment must be given for the plaintiff.
 

 Pee Curiam.
 

 Judgment reversed.